```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        NORTHERN DIVISION
```

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 3:23-cr-107-DCB-FKB

CAMERON ANTONIOUS LEE


MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is Cameron Antonious Lee ("Defendant")'s Motion to Dismiss Indictment, [ECF No. 18] (the "Motion"), in which Defendant maintains that 18 U.S.C. § 922(g)(1)[1] is unconstitutional as applied to him under the Second Amendment.[2] Defendant contends that under New York State Rifle & Pistol

---

[1] Section 922(g)(1) provides in pertinent part:
   (g) It shall be unlawful for any person-
   (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
   . . .
   to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C.A. § 922(g)(1).

[2] The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

1

Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), United States v. Rahimi, 61 F.4th 443 (5th Cir. 2023), United States v. Daniels, 77 F.4th 337 (5th Cir. 2023), and United States v. Bullock, No. 3:18-CR-165-CWR-FKB, 2023 WL 4232309 (S.D. Miss. June 28, 2023), the Government cannot meet its burden of showing "the existence of a historical tradition of disarming felons." [ECF No. 18] at 9; see Bruen, 597 U.S. at 19 ("… the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.").  The Government opposes the Motion and references approximately 120 post-Bruen decisions from federal districts nationwide that upheld the constitutionality of the "felon prohibition."  [ECF No. 19] at 14-16 n.3.[3]  The Court, having examined the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds that the Motion should be denied.

DISCUSSION

On November 14, 2023, a federal grand jury indicted Defendant on a charge of felon in possession of a firearm

---

[3] The Government's case list includes an opinion issued by this Court, United States v. Cockerham, No. 5:21-CR-6-DCB-FKB, 2022 WL 4229314 (S.D. Miss. Sept. 13, 2022), which held that 18 U.S.C. § 922(g)(1) was not unconstitutional and that there was no reason to dismiss the indictment against the defendant. Cockerham, 2022 WL 4229314, at *2.

pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [ECF No. 1]. Defendant now challenges the indictment on constitutional grounds - as applied to him[4] - and moves this Court to dismiss the indictment. [ECF No. 18].

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). In the Fifth Circuit, "[t]he propriety of a motion to dismiss an indictment … by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." United States v. Fontenot, 662 F.3d 640, 644 (5th Cir. 2011) (citations omitted). "If a question of law is involved, then consideration of the motion is generally proper." Id. Defendant's Second Amendment constitutional challenge to 18 U.S.C. § 922(g)(1) raises a matter of law that can be decided properly before trial.

The Court also is guided by the firmly established principle that dismissal of an indictment is extraordinary and unusual relief because, unlike dispositive motion practice in

---

[4] "In an as-applied challenge, the court asks whether a law with some permissible uses 'is nonetheless unconstitutional as applied to appellant's activity … .'" United States v. Bullock, No. 3:18-CR-165-CWR-FKB, 2023 WL 4232309, at *5 (S.D. Miss. June 28, 2023) (quoting Spence v. Washington, 418 U.S. 405, 414 (1974)).

3

civil cases, it encroaches upon the fundamental role of the grand jury.  See, e.g., United States v. McFadden, 59 F.3d 1243, 1243 n.4 (5th Cir. 1995) (dismissal of an indictment is confined to "extraordinary situations"); United States v. Fulmer, 722 F.2d 1192, 1195 (5th Cir. 1983) ("For this reason, we have held that a district court may dismiss an indictment with prejudice only where it has been shown that governmental misconduct or gross negligence in prosecuting the case has actually prejudiced the defendant.").

Section 922(g)(1) prohibits any person convicted of a "crime punishable by imprisonment for a term exceeding one year" from possessing a firearm.  Because the Second Amendment presumptively protects the proscribed conduct, Bruen requires that the "government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." Bruen, 597 U.S. at 24. Defendant argues that the Government cannot satisfy this requirement.

Defendant's Second Amendment challenge to Section 922(g)(1) under Bruen is not new and has been extensively litigated in the Southern District, including before this Court.  See United States v. Reed, No. 5:23-CR-4-DCB-FKB, 2024 WL 86875 (S.D. Miss. Jan. 8, 2024); United States v. Dillon, No. 5:23-CR-3-DCB-FKB,

4

2024 WL 86492 (S.D. Miss. Jan. 8, 2024); Cockerham, 2022 WL 4229314.  As recently noted in United States v. Gwinn, No. 1:23-CR-50-LG-RPM-1, 2023 WL 8242711 (S.D. Miss. Nov. 28, 2023), "there is a virtual unanimity in the district courts of the Fifth Circuit upholding section 922(g)(1) in Bruen's wake."  Id. at *1; contra Bullock, 2023 WL 4232309 at *31, appeal docketed (5th Cir. July 31, 2023).  Many courts in the Fifth Circuit have thoroughly chronicled and analyzed the development of pre-Bruen and post-Bruen caselaw, so there is no need to repeat that narrative here.  See, e.g., United States v. Brown, No. 4:23-CR-00071, 2023 8794641, at *2-3 (N.D. Miss. Dec. 20, 2023) (tracing the relevant case history since District of Columbia v. Heller, 554 U.S. 570 (2008)); United States v. Schnur, No. 1:23-CR-65-LG-BWR-1, 2023 WL 4881383, at *1-10 (S.D. Miss. July 31, 2023 (exhaustive history of pre-Bruen and post-Bruen cases, as well as an in-depth historical analysis of the Second Amendment, including historical support for felon disarmament at the time of America's founding).[5]

---

[5] Of note from the historical analysis in Schnur is the following excerpt:

> Most writers and historians agree. From time immemorial, various jurisdictions recognizing a right to arms have nevertheless taken the step of forbidding suspect groups from having arms. See Don B. Kates & Clayton E. Cramer, *Second Amendment Limitations and Criminological Considerations*, 60 Hastings L.J. 1339, 1360 (2009); See also Robert Dowlut, *The Right to Arms: Does the*

5

Defendant correctly observes in his reply brief that the Fifth Circuit has not conclusively decided the question of the constitutionality of Section 922(g)(1) in a matter where the Bruen challenge was properly preserved at the trial level. [ECF No. 23] at 4.  The Fifth Circuit has, however, consistently upheld Section 922(g)(1) convictions under plain error review where the Bruen challenge was not raised and preserved pre-conviction.  United States v. Murray, No. 23-10234, 2024 WL 21398, at *1–2 (5th Cir. Jan. 2, 2024); United States v. Jones, 88 F.4th 571, 573–74 (5th Cir. 2023) (decided November 21, 2023); United States v. Roy, No. 22-10677, 2023 WL 3073266, at *1 (5th Cir. Apr. 25, 2023), cert. denied, 144 S. Ct. 234 (2023); United States v. Hickcox, No. 22-50365, 2023 WL 3075054, at *1 (5th Cir. Apr. 25, 2023), cert. denied, 144 S. Ct. 237 (2023).  Mindful of the procedurally distinct plain error

---

> *Constitution or the Predilection of Judges Reign?*, 36 Okla. L. Rev. 65, 96 (1983) ("Colonial and English societies of the eighteenth century, as well as their modern counterparts, have excluded infants, idiots, lunatics, and felons [from possessing firearms]."). Although the historical record provides no "dead ringer[s]," *Bruen*, 142 S.Ct. at 2133, courts have nevertheless found support for "the idea that the original understanding of the right codified by the Second Amendment permitted some categorical limits on the right to bear arms," including "the disarmament of persons deemed dangerous or a threat to public safety." *Zelaya Hernandez*, --- F.Supp.3d ----, 2023 WL 4161203 (citations omitted).

Schnur, 2023 WL 4881383, at *9.

6

standard of review applicable to the above-referenced post-conviction appeals, the Court nonetheless finds instructive the Fifth Circuit's synopsis of current Section 922(g)(1) law in United States v. Jones:

> Before *Bruen*, this court held that § 922(g)(1) does not violate the Second Amendment. *See, e.g., United States v. Darrington*, 351 F.3d 632, 633-34 (5th Cir. 2003). And in his concurring opinion in *Bruen*, Justice Kavanaugh—quoting *District of Columbia v. Heller*, 554 U.S. 570, 626-27, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), and *McDonald v. Chicago*, 561 U.S. 742, 786, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010)—stated: "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (internal quotation marks omitted).
>
> This court has not yet addressed the impact of *Bruen* on the constitutionality of § 922(g)(1) in a case in which the issue was preserved in the district court.
>
> …
>
> The Third and Eighth Circuits have considered the constitutionality of § 922(g)(1) after *Bruen* and reached conflicting results. *See Range v. Att'y Gen.*, 69 F.4th 96, 98-99 (3d Cir. 2023) (en banc) (rejecting the Government's argument that statements in *Heller, McDonald*, and *Bruen* seemingly approved of felon disarmament and holding that the defendant remained one of the people protected by the Second Amendment given his particular felony conviction and had a right to purchase a hunting rifle and shotgun for self-defense); *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) (holding that "[t]he longstanding prohibition on possession of firearms by felons is constitutional").
>
> **Given the absence of binding precedent holding that § 922(g)(1) is unconstitutional, and that it is unclear that Bruen dictates such a result**, **we have rejected plain-error challenges to § 922(g)(1) under Bruen** in several unpublished opinions. *See, e.g., United States*

7

> *v. Roy*, No. 22-10677, 2023 WL 3073266 (5th Cir. Apr. 25, 2023) (unpublished), *cert. denied*, No. 23-5188, --- U.S. ----, 144 S.Ct. 234, --- L.Ed.2d ---- (U.S. Oct. 2, 2023); *United States v. Hickcox*, No. 22-50365, 2023 WL 3075054 (5th Cir. Apr. 25, 2023) (unpublished), *cert. denied*, No. 23-5130, --- U.S. ----, 144 S.Ct. 237, --- L.Ed.2d ---- (U.S. Oct. 2, 2023); *United States v. Pickett*, No. 22-11006, 2023 WL 3193281, 1 (5th Cir. May 2, 2023) (unpublished); *United States v. Smith*, No. 22-10795, 2023 WL 5814936 (5th Cir. Sept. 8, 2023) (unpublished); *United States v. Racliff*, No. 22-10409, 2023 WL 5972049 (5th Cir. Sept. 14, 2023) (unpublished); *United States v. EtchisonBrown*, No. 22-10892, 2023 WL 7381451 (5th Cir. Nov. 7, 2023) (unpublished). The different conclusions reached by the Third and Eighth Circuits noted above further support the conclusion that this unsettled question is not clear or obvious error. *See Salinas*, 480 F.3d at 759. Accordingly, we conclude that Jones has failed to demonstrate that the district court's application of § 922(g)(1) constitutes plain error.

<u>Jones</u>, 88 F.4th at 573–74 (emphasis added). Absent a Supreme Court or Fifth Circuit decision ruling otherwise, this Court is not persuaded that Section 922(g)(1) violates the Second Amendment. Finding no reason to dismiss the indictment against Defendant, the Motion shall be denied.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Indictment [ECF No. 18] is DENIED.

SO ORDERED, this 17th day of January 2024.

                                        /s/ David Bramlette
                                UNITED STATES DISTRICT JUDGE